SUMMONS ISSUED

CV-13 0615

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 01 2013 ★

LONG ISLAND OFFICE

WEINSTEIN J
AZRACK, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MORDECHAI DEUTSCH
on behalf of himself and
all other similarly situated consumers

                       Plaintiff,

      -against-

MICHAEL J. FILIPPIS

                       Defendant.
-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Mordechai Deutsch seeks redress for the illegal practices of Michael J. Filippis concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt purportedly owed to The Park Avenue Bank.

4. Upon information and belief, Defendant's principal place of business is located in Bloomfied, New Jersey.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is and attorney and a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Mordechai Deutsch*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about November 24, 2012, Defendant sent a letter to the Plaintiff regarding an Order Enforcing Litigant's Rights, for a lawsuit filed in July 27, 2009 in the Superior Court of New Jersey/Law Division of Ocean County.

11. Plaintiff did not reside, nor did he ever reside in Ocean County at the time the lawsuit was filed, did not enter in the alleged contract with any Defendants and/or The Park Avenue Bank in Ocean County, and did not incur any portion of the alleged debt in Ocean County.

12. Upon information and belief, Park Avenue Bank does not do business in Ocean County, New Jersey.

13. Defendant knew or should have known that Plaintiff's residence did not create grounds for venue in Superior Court of New Jersey/Law Division of Ocean County as alleged in the Order Enforcing Litigant's Rights.

Langendorfer v. Kaufman, 2011 WL 3682775 (S.D. Ohio Aug. 23, 2011). (A complaint alleging a § 1691i venue violation in the underlying collection litigation was not time-barred, as the court adopted all three alternative bases advanced: the statute of limitations was triggered upon service of process and not the filing of the suit, the unlawful venue claim was subject to the continuing violation rule, and the discovery rule applied.), Canady v. Wisenbaker Law Offices, P.C., 372 F. Supp. 2d 1379 (N.D. Ga. 2005). (The court rejected as a matter of law the attorney collection firm's bona fide error defense since, once it had acquired actual knowledge from its process server that it had filed suit in an improper venue, it failed to follow its own internal procedures that required it to abandon the suit and instead intentionally continued to pursue the collection litigation, obtained a default, and pursued garnishment.)

14. Defendant's service of the said Order Enforcing Litigant's Rights upon Plaintiff violates the FDCPA because this litigation was commenced in a jurisdiction other than a jurisdiction in which the Plaintiff resides, namely Ocean County, New Jersey and not Kings County, New York, and is therefore a communication in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692i(a)(2).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

15. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fourteen (14) as if set forth fully in this cause of action.

16. This cause of action is brought on behalf of Plaintiff and the members of a class.

17. The class consists of all persons whom Defendant's records reflect resided in New York who received a communication from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; and the communication was served in a jurisdiction other than a jurisdiction in which the Plaintiff resides, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692i(a)(2).

18. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   (D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 31, 2013

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

**MICHAEL J. FILIPPIS**
**ATTORNEY AT LAW**
276 BROAD STREET, SUITE 1
BLOOMFIELD, NEW JERSEY 07003

N.J. & Fla. Bars

TEL: (973) 259-9944
FAX: (973) 259-9946

## VIA CMRRR & U.S. MAIL

November 24, 2012

Mordechai Deutsch
1540 55th Street, Apt. 3
Brooklyn, N.Y. 11219

Re: The Park Avenue Bank vs. Mordechai Deutsch
Ocean County Superior Court/Docket # OCN-L-002758-09/J-151550-10
**Attorney File No. POM-3333**

Dear Mr. Deutsch:

Enclosed please find Order Enforcing Litigant's Rights signed/granted by Judge E. David Millard on November 16, 2012, in the above-referenced matter.

You must complete and send the Information Subpoena that was previously sent to you by this office (see copy enclosed herein) within ten (10) days of the date of this letter or we will have no alternative but to proceed with a **Warrant for your arrest** pursuant to the Rules of Court.

Please be guided accordingly.

Very truly yours,

Michael J. Filippis, Esq.

MJF/msp

Encls.

Law Office of Michael J. Filippis
276 Broad Street, Suite 1
Bloomfield, N.J. 07003
(973) 259-9944
Attorney for Plaintiff

Attorney File No. POM-3333

THE PARK AVENUE BANK

    Plaintiff,

vs.

MORDECHAI DEUTSCH

    Defendant.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION/OCEAN COUNTY
Docket No.: OCN-L-002758-09/J-151550-10

CIVIL ACTION

ORDER ENFORCING LITIGANT'S RIGHTS

FILED NOV 16 2012
E. DAVID MILLARD, P.J.Cv.

This matter having been opened to the Court by Michael J. Filippis, Esq., on plaintiff's motion for an order enforcing litigant's rights and defendant(s) having failed to appear on the return date and having failed to comply with the information subpoena;

It is on the **16** day of **NOV**, 2012, ORDERED and adjudged:

(1) Defendant(s) MORDECHAI DEUTSCH has/have violated plaintiff's rights as a litigant;

(2) Defendant(s) MORDECHAI DEUTSCH shall immediately furnish answers as required by the information subpoena;

(3) If defendant(s) Defendant(s) MORDECHAI DEUTSCH fails/fail to comply with the information subpoena within ten (10) days of the certified date of mailing of this Order, a warrant for defendant(s)'s arrest shall issue out of this Court without further notice.

Hon. _____
E. DAVID MILLARD, P.J.Cv. J.S.C.

**PROOF OF SERVICE**

On **November 24**, 2012, I served a true copy of this Order on Defendant(s) MORDECHAI DEUTSCH by sending it simultaneously by regular mail and by certified mail, return receipt requested, to 1540 55th Street, Apt. 3, Brooklyn, N.Y. 11219.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
Michael J. Filippis, Esq.
Attorney for Plaintiff

[ ] Opposed
[ ] Unopposed   FOR THE REASONS EXPRESSED
ON THE RECORD 11/15/12

Law Office of Michael J. Filippis
276 Broad Street, Suite 1
Bloomfield, N.J. 07003
(973) 259-9944
Attorney for Plaintiff

THE PARK AVENUE BANK

    Plaintiff,

vs.

MORDECHAI DEUTSCH

    Defendant.

Attorney File No. POM-3333

**RETURNABLE: NOVEMBER 16, 2012**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION/OCEAN COUNTY
Docket No.: OCN-L-002758-09/J-151550-10

CIVIL ACTION

NOTICE OF MOTION FOR ORDER
ENFORCING LITIGANT'S RIGHTS

TO:  MORDECHAI DEUTSCH
      1540 55th Street, Apt. 3
      Brooklyn, N.Y. 11219

PLEASE TAKE NOTICE that on Friday, November 16, 2012, at 9:00 a.m. the undersigned will apply to the above named Court, located at 118 Washington Street, Toms River, N.J. 08754, in the above entitled matter for entry of an Order:

(1) Adjudicating that you have violated the litigant's rights of the plaintiff by failure to comply with the information subpoena served upon you;

(2) Compelling you immediately to furnish answers as required by the information subpoena;

(3) Directing that, if you fail to appear in court on the date scheduled by the court, you shall be arrested by an Officer of the Special Civil Part or the Sheriff and confined in the county jail until you comply with the information subpoena;

(4) Directing that, if you fail to appear in court on the date scheduled by the court, you shall pay the plaintiff's attorney fees in connection with this motion.

(5) Granting such other relief as may be appropriate.

      If you have been served with an information subpoena, you may avoid having to appear in court by sending written answers to the questions attached to the information subpoena to me no later than three (3) days before the court date.

I will rely on the certification attached hereto.

                                                 By: _____
                                                       Michael J. Filippis, Esq.

Dated: October 20, 2012                                  Attorney for Plaintiff

Law Office of Michael J. Filippis  
276 Broad Street, Suite 1  
Bloomfield, N.J. 07003  
(973) 259-9944  
Attorney for Plaintiff

Attorney File No. POM-3333

THE PARK AVENUE BANK

          Plaintiff,

vs.

MORDECHAI DEUTSCH

          Defendant.

SUPERIOR COURT OF NEW JERSEY  
LAW DIVISION/OCEAN COUNTY  
Docket No.: OCN-L-002758-09/J-151550-10

CIVIL ACTION

Certification in Support of Motion  
for Order Enforcing Litigant's Rights

The following Certification is made in support of plaintiff's motion for an order enforcing litigant's rights:

1. I, Michael J. Filippis, Esq., am the plaintiff's attorney in this matter.

2. On 01/22/10, plaintiff obtained a judgment against defendant(s) MORDECHAI DEUTSCH for $20,195.91 together with costs.

3. On 09/15/12, I served an information subpoena and attached questions as permitted by Court Rules on defendant(s) MORDECHAI DEUTSCH by sending them simultaneously by regular and certified mail, return receipt requested, to defendant(s) last known address. The regular mail was not returned and the certified mail was received by said defendant(s) (see annexed copy of the signed certified mail receipt received by my office from the U.S. Postal Service).

4. Defendant(s) MORDECHAI DEUTSCH has/have failed to comply with the information subpoena.

5. I request that the Court enter an order enforcing litigant's rights.

6. On 10/20/12, I served copies of this motion and Certification on defendant(s) MORDECHAI DEUTSCH by sending them simultaneously by regular and certified mail, return receipt requested.

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____  
Michael J. Filippis, Esq.  
Attorney for Plaintiff

Dated: October 20, 2012

Law Office of Michael J. Filippis
276 Broad Street, Suite 1
Bloomfield, N.J. 07003
(973) 259-9944
Attorney for Plaintiff

Attorney File No. POM-3333

| | |
|---|---|
| THE PARK AVENUE BANK<br><br>Plaintiff,<br><br>vs.<br><br>MORDECHAI DEUTSCH<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION/OCEAN COUNTY<br>Docket No.: OCN-L-002758-09/J-151550-10<br><br>CIVIL ACTION<br><br>**ORDER ENFORCING LITIGANT'S RIGHTS** |

This matter having been opened to the Court by Michael J. Filippis, Esq., on plaintiff's motion for an order enforcing litigant's rights and defendant(s) having failed to appear on the return date and having failed to comply with the information subpoena;

It is on the _____ day of _____, 2012. ORDERED and adjudged:

(1) Defendant(s) MORDECHAI DEUTSCH has/have violated plaintiff's rights as a litigant;

(2) Defendant(s) MORDECHAI DEUTSCH shall immediately furnish answers as required by the information subpoena;

(3) If defendant(s) Defendant(s) MORDECHAI DEUTSCH fails/fail to comply with the information subpoena within ten (10) days of the certified date of mailing of this Order, a warrant for defendant(s)'s arrest shall issue out of this Court without further notice.

Hon. _____

J.S.C.

**PROOF OF SERVICE**

On _____, 2012, I served a true copy of this Order on Defendant(s) MORDECHAI DEUTSCH by sending it simultaneously by regular mail and by certified mail, return receipt requested, to 1540 55th Street, Apt. 3, Brooklyn, N.Y. 11219.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
Michael J. Filippis, Esq.
Attorney for Plaintiff

[ ] Opposed
[ ] Unopposed

MICHAEL J. FILIPPIS, ESQ.
276 BROAD STREET, SUITE 1
BLOOMFIELD, NEW JERSEY 07003
(973) 259-9944

Attorney File # POM-3333

## IMPORTANT NOTICE - PLEASE READ CAREFULLY
## INFORMATION SUBPOENA AND WRITTEN QUESTIONS

### FAILURE TO COMPLY WITH THIS INFORMATION SUBPOENA MAY RESULT IN YOUR BEING PUNISHED BY THE COURT

THE PARK AVENUE BANK

Plaintiff

vs.

MORDECHAI DEUTSCH

Defendant

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
OCEAN COUNTY
Docket No.: OCN-2758-09/J-151550-10

CIVIL ACTION

### INFORMATION SUBPOENA

**THE STATE OF NEW JERSEY, to:** MORDECHAI DEUTSCH

JUDGMENT has been entered against you in the Superior Court of New Jersey, Law Division, OCEAN COUNTY, on 01/22/10 in the amount of $20,195.91 including costs, of which $20,195.91 together with interest and costs from 01/22/10 remains due and unpaid.

Attached to this Information Subpoena is a list of questions that court rules require you to answer within 14 days from the date you receive this subpoena. If you do not answer the attached questions within the time required, the opposing party may ask the court to conduct a hearing in order to determine if you should be held in contempt. You will be compelled to appear at the hearing and explain your reasons for your failure to answer.

If this judgment has resulted from a default, you may have the right to have this default judgment vacated by making an appropriate motion to the court. Contact an attorney or the Clerk of the Court for information on making such a motion. Even if you dispute the judgment, you must answer all of the attached questions.

You must answer each question giving complete answers, attaching additional pages if necessary. False or misleading answers may subject you to punishment by the court. However, you need not provide information concerning the income and assets of others living in your household unless you have a financial interest in the assets or income. Be sure to sign and date your answers and return them to the address in the upper left hand corner within 14 days.

**TAKE NOTICE THAT SINCE THIS IS AN OFFICIAL FORM OF THE COURTS OF THE STATE OF NEW JERSEY, YOU CANNOT REFUSE TO ANSWER ANY OF THE QUESTIONS ON THE GROUNDS THAT THE INFORMATION IS PRIVILEGED.**

Dated: 09/15/12

_____
Michael J. Filippis, Esq.
Attorney for Plaintiff

/s/ WAYNE LAGERQUIST
WAYNE LAGERQUIST, Clerk

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**
- PAYMENT TYPE: CK  CG  CA
- CHG/CK NO.
- AMOUNT:
- OVERPAYMENT:
- BATCH NUMBER:

1. **ATTORNEY/PRO SE NAME:** Michael J. Filippis, Esq.
2. **TELEPHONE NUMBER:** (973) 259-9944
3. **COUNTY OF VENUE:** OCEAN
4. **FIRM NAME (if applicable):** Same
5. **DOCKET NUMBER (When available):**
6. **OFFICE ADDRESS:** 276 Broad Street, Suite 1, Bloomfield, NJ 07003
7. **DOCUMENT TYPE:** COMPLAINT
8. **JURY DEMAND:** ☐ YES ☒ NO
9. **NAME OF PARTY (e.g., John Doe, Plaintiff):** The Park Avenue Bank, Plaintiff
10. **CAPTION:** The Park Avenue Bank v. Mordechai Deutsch
11. **CASE TYPE NUMBER (See reverse side for listing):** 502
12. **IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES ☒ NO
    IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.
13. **RELATED CASES PENDING?** ☐ YES ☒ NO
14. **IF YES, LIST DOCKET NUMBERS:**
15. **DO YOU ANTICIPATE ADDING ANY PARTIES** (arising out of same transaction or occurrence)? ☐ YES ☒ NO
16. **NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN:** N/A ☐ NONE ☐ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

17. A. **DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☐ YES ☒ NO
    IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER-EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain)
18. B. **DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☐ YES ☒ NO
19. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

    Unpaid account balance.

20. **DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ YES ☒ NO  IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:
21. **WILL AN INTERPRETER BE NEEDED?** ☐ YES ☒ NO  IF YES, FOR WHAT LANGUAGE:
22. **ATTORNEY SIGNATURE:** [signature]  7/24/09

Revised 09/28/2006, CN 10517-English

page 1 of 2

Michael J. Filippis, Esq.
276 Broad Street, Suite 1
Bloomfield, New Jersey 07003
(973) 259-9944
Attorney for Plaintiff

Attorney File # POM-3333   JUL 27 2009

| | |
|---|---|
| THE PARK AVENUE BANK<br><br>            Plaintiff,<br><br>vs.<br><br>MORDECHAI DEUTSCH<br><br>           Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>OCEAN COUNTY<br>Docket No.: OCN-L-      -09<br><br>CIVIL ACTION<br><br>COMPLAINT (ON CONTRACT) |

Plaintiff, having a principal place of business at 460 Park Avenue, 13th Floor, New York, N.Y. 10022, by and through its undersigned attorney, says:

## FIRST COUNT

1. On or about December 10, 2007, Defendant executed and delivered to Plaintiff an Account Agreement (see true copy of said Agreement annexed hereto and made a part hereof). By signing said Agreement and related documents, including disclosures regarding the terms and conditions of the account and funds availability for the account, Defendant entered into a contract with plaintiff, and a bank account numbered 3000013527 was established in Defendant's name.

2. After credit for all other sums deposited, Defendant has withdrawn or drafted funds from the account in an amount that is $13,550.38 over and above the available balance, thereby leaving a negative balance in the account in the principal amount of $13,550.38 together with accrued interest thereon in accordance with the Agreement and disclosures referenced in paragraph 1 herein.

3. Plaintiff has demanded payment in full of the entire outstanding account balance, but Defendant has steadfastly refused has refused and/or failed to pay.

4. As of June 17, 2009, there was due from Defendant to Plaintiff the principal sum of $13,550.38 plus contractual interest on the terms set forth in the Agreement and disclosures referenced in paragraph 1 herein in the amount of $5,130.40, for a total in principal and contractual interest in the amount of $18,680.78.

    WHEREFORE, Plaintiff demands judgment against Defendant on the First Count in the amount of $18,550.38, together with additional accrued contractual interest after June 17, 2009, and to the date of judgment, costs of suit and attorney's fees.

-2-

## SECOND COUNT

1. Plaintiff repeats and realleges each and every allegation set forth in the First Count of the Complaint as if set forth at length herein.

2. Any and all checks deposited by Defendant into the account referenced in the First Count, paragraph 1 herein was/were endorsed in the name of Defendant prior to its/their deposit with Plaintiff.

3. By endorsing the check(s), Defendant assumed responsibility that, in the event the check(s) was/were dishonored, Defendant would pay the amount of the check(s) to any holder or subsequent endorser.

4. Plaintiff is the holder of the check(s), and to the extent that the $13,550.38 principal balance/ provisional credit given by plaintiff, or any portion thereof, has been withdrawn from the account, Plaintiff is a holder in due course of the check(s).

5. To the extent that Plaintiff is a holder in due course of the check(s), Plaintiff takes the check(s) free from all claims to it/them on the part of any person and any claims Defendant may have against the drawer(s) thereof.

6. By reason of the foregoing, and pursuant to the terms set forth in the Agreement and disclosures referenced in the First Count, paragraph 1 herein, Plaintiff is entitled to recover from Defendant the sum of $13,550.38 plus contractual interest through June 17, 2009, in the amount of $5,130.40, for a total in principal and contractual interest in the amount of $18,680.78.

WHEREFORE, Plaintiff demands judgment against Defendant on the Second Count in the amount of $18,550.38, together with additional accrued contractual interest after June 17, 2009, and to the date of judgment, costs of suit and attorney's fees.

## TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4 of the Rules of Court, Michael J. Filippis, Esq., is hereby designated as trial counsel for Plaintiff in the above-captioned action.

## DEMAND FOR DOCUMENTS PURSUANT TO R. 4:18-2

Plaintiff hereby requests that, pursuant to R. 4:18-2, Defendant furnish within five (5) days all documents relating to Plaintiff's claims herein and Defendant's defenses thereto, including but not limited to signed or unsigned applications, disclosures, contracts, promissory notes, account statements and/or agreements and addendums thereto, any documents relating to the Account Agreement that is referenced herein, and any and all documents relating to any

-3-

payment made towards the account balance that is referenced herein.

## CERTIFICATION PURSUANT TO R. 4:5-1

Michael J. Filippis, an attorney-at-law of the State of New Jersey, hereby certifies:

1. I am the attorney for Plaintiff in the above-captioned matter.

2. To the best of my knowledge, information and belief, the matter in controversy herein is not the subject of any other court action or arbitration proceeding, now pending or contemplated.

3. To the best of my knowledge, information and belief, there are no other parties who should be joined in this action.

I certify that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is wilfully false, I am subject to punishment.

Dated: July 24, 2009            By: _____
                                     Michael J. Filippis, Esq.
                                     Attorney for Plaintiff

## ACCOUNT AGREEMENT

3000012784

DATE: 12/10/07

**INTERNAL USE** TOTALLY FREE-TF-P

### INSTITUTION NAME & ADDRESS

THE PARK AVENUE BANK
4419-21 13TH AVENUE
BROOKLYN, NY 11219
(718) 431-0006

### ACCOUNT TITLE & ADDRESS

MORDECHAI DEUTSCH
1540 55TH STREET
BROOKLYN NY   11219

**IMPORTANT ACCOUNT OPENING INFORMATION:** FEDERAL LAW REQUIRES US TO OBTAIN SUFFICIENT INFORMATION TO VERIFY YOUR IDENTITY. YOU MAY BE ASKED SEVERAL QUESTIONS AND TO PROVIDE ONE OR MORE FORMS OF IDENTIFICATION TO FULFILL THIS REQUIREMENT. IN SOME INSTANCES WE MAY USE OUTSIDE SOURCES TO CONFIRM THE INFORMATION. THE INFORMATION YOU PROVIDE IS PROTECTED BY OUR PRIVACY POLICY AND FEDERAL LAW.

ENTER NON-INDIVIDUAL OWNER INFORMATION ON PAGE 2. THERE IS ADDITIONAL OWNER/SIGNER INFORMATION SPACE ON PAGE 2.

### OWNERSHIP OF ACCOUNT

THE SPECIFIED OWNERSHIP WILL REMAIN THE SAME FOR ALL ACCOUNTS.
- [X] INDIVIDUAL
- [ ] CONVENIENCE ACCOUNT
- [ ] JOINT WITH SURVIVORSHIP (NOT AS TENANTS IN COMMON)
- [ ] JOINT WITH NO SURVIVORSHIP (AS TENANTS IN COMMON)
- [ ] CORPORATION - FOR PROFIT
- [ ] CORPORATION - NONPROFIT
- [ ] PARTNERSHIP
- [ ] SOLE PROPRIETORSHIP
- [ ] LIMITED LIABILITY COMPANY

- [ ] TRUST-SEPARATE AGREEMENT DATED: _____
- [ ]

### BENEFICIARY DESIGNATION

(CHECK APPROPRIATE OWNERSHIP ABOVE.)
- [ ] REVOCABLE TRUST
- [ ]

### OWNER/SIGNER INFORMATION 1

| Field | Value |
|---|---|
| NAME | MORDECHAI DEUTSCH |
| RELATIONSHIP TO ACCOUNT (OWNER AND/OR SIGNER, ETC.) | OWNER |
| ADDRESS | 1540 55TH STREET BROOKLYN NY 11219 |
| MAILING ADDRESS (IF DIFFERENT) | — |
| HOME PHONE | (718) 435-1945 |
| WORK PHONE | |
| MOBILE PHONE | |
| E-MAIL | (917) 535-3466 max@vitaliusa.com |
| BIRTH DATE | 10/26/67 |
| SSN/TIN | |
| GOV'T ISSUED PHOTO ID, TYPE, NUMBER, STATE, ISSUE DATE, EXP. DATE | Drivers License 870205079  DL NY-11/01/01-10/26/09 |
| OTHER ID (DESCRIPTION, DETAILS) | ESTABLISHED CUSTOMER |
| EMPLOYER'S NAME & ADDRESS | CLOTHING |
| PREVIOUS FINANCIAL INST. | PAB |

### BENEFICIARY NAME(S), ADDRESS(ES) AND SSN(S)

(CHECK APPROPRIATE BENEFICIARY DESIGNATION ABOVE.)

- [ ] IF CHECKED, THIS IS A TEMPORARY ACCOUNT AGREEMENT.

NUMBER OF SIGNATURES REQUIRED FOR WITHDRAWAL: 1

### SIGNATURE(S)

THE UNDERSIGNED AUTHORIZE THE FINANCIAL INSTITUTION TO INVESTIGATE CREDIT AND EMPLOYMENT HISTORY AND OBTAIN REPORTS FROM CONSUMER REPORTING AGENCY(IES) ON THEM AS INDIVIDUALS. EXCEPT AS OTHERWISE PROVIDED BY LAW OR OTHER DOCUMENTS, EACH OF THE UNDERSIGNED IS AUTHORIZED TO MAKE WITHDRAWALS FROM THE ACCOUNT(S), PROVIDED THE REQUIRED NUMBER OF SIGNATURES INDICATED ABOVE IS SATISFIED. THE UNDERSIGNED PERSONALLY AND AS, OR ON BEHALF OF, THE ACCOUNT OWNER(S) AGREE TO THE TERMS OF, AND ACKNOWLEDGE RECEIPT OF COPY(IES) OF, THIS DOCUMENT AND THE FOLLOWING:

- [X] TERMS AND CONDITIONS
- [X] ELECTRONIC FUND TRANSFERS
- [X] SUBSTITUTE CHECKS
- [X] COMMON FEATURES
- [X] PRIVACY
- [X] TRUTH IN SAVINGS
- [X] FUNDS AVAILABILITY
- [X] SUBSTITUTE CHECKS

[x  M.U.                                                ]
    MORDECHAI DEUTSCH

[x                                                       ]

[x                                                       ]

[x                                                       ]

### OWNER/SIGNER INFORMATION 2

| Field | Value |
|---|---|
| NAME | |
| RELATIONSHIP TO ACCOUNT (OWNER AND/OR SIGNER, ETC.) | |
| ADDRESS | |
| MAILING ADDRESS (IF DIFFERENT) | |
| HOME PHONE | |
| WORK PHONE | |
| MOBILE PHONE | |
| E-MAIL | |
| BIRTH DATE | |
| SSN/TIN | |
| GOV'T ISSUED PHOTO ID, TYPE, NUMBER, STATE, ISSUE DATE, EXP. DATE | |
| OTHER ID (DESCRIPTION, DETAILS) | |
| EMPLOYER'S NAME & ADDRESS | |
| PREVIOUS FINANCIAL INST. | |

- [ ] CONVENIENCE SIGNER (IF CHECKED AND ACCOUNT IS INDIVIDUAL AND CONSUMER PURPOSE, THE LAST OF THE ABOVE SIGNERS IS A CONVENIENCE SIGNER.)

Express® © 2003 Bankers Systems, Inc., St. Cloud, MN Form MPMP-LAZ-NY 4/19/2004

(page 1 of 2)

| | | | |
|---|---|---|---|
| PRINT FORM | PRINT ISERIES FORM | VIEW MESSAGES | Help Desk |
| | 000240:0 | | 30/9/2009 – 6:07 P |
| | DEUTSCH | | |
| PREVIOUS < | SUBMIT | EXIT | 3680012784 D |
| SPECIAL MESSAGES. | | | TOTALLY FREE-TF-P  10 |

Account | Bank Internal | EFT | NSF/ODitems | Average Information

| | | | |
|---|---|---|---|
| Current balance | 13,558.38- | Available Cash balance | 13,558.38- |
| Collected balance | 13,558.38- | Yesterday's balance | 14,534.38- |
| Available balance | 13,558.38- | Last Statement balance | 14,968.38- |
| Last Interest | .00 | Year to Date Interest | .00 |
| Service Charge Average Collected balance | | 14,576.30- | |
| Service Charge Average Ledger balance | | 14,576.30- | |
| Quarter Minimum Bal | 15,636.38- | Month Minimum Balance | 14,958.38- |
| Quarter Maximum Bal | 13,490.38- | Chg service charge type on | 0/88/98 |
| Beg of year accrued int | | | |
| Number of ACH credits | | ACH credits | .00 |
| Number of ACH debits | | ACH debits | .00 |

The following fields are displayed on this screen for inquiry purposes.

Available balance – The field displays the current available balance for this account.

Date last activity – The date of last activity will be displayed in this field.

Collected balance – The current collected balance for the selected account will be displayed in this field.

Learn more >

PREVIOUS < SUBMIT > EXIT

Parameter Help

→ Credit Bureau Information >

start

CIF 20/20

2630210-